**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BARBARA MAZUROWSKI and
MICHAEL MAZUROWSKI,

    Plaintiffs,

vs.

DITECH FINANCIAL, LLC, formally
known as GREEN TREE SERVICING, LLC,

    Defendant.
_____/

CASE NO.:

DEMAND FOR JURY TRIAL

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, BARBARA MAZUROWSKI and MICHAEL MAZUROWSKI (hereafter "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, DITECH FINANCIAL, LLC, formally known as GREEN TREE SERVICING, LLC, (hereafter "Defendant"), and state as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violation of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Venue is proper in this District because the phone calls were received in this District and Defendant transacts business in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiffs are individuals who owned property in Pinellas County, Florida.

5. Plaintiffs are consumers as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

7. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pinellas County, Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

10. Defendant, at all material times, was attempting to collect a debt relating to a Ditech Financial, LLC Mortgage, Account No. ending in – 1210.

11. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Pinellas County, Florida, by the Defendant's placing of calls to Pinellas County, Florida.

12. Plaintiffs revoked any prior express consent to contact Plaintiffs via cellular telephone or any other form of communication on September 10, 2015 at 4:35 P.M., through a

facsimile transmission to Defendant's facsimile no. 866-870-9919. See facsimile confirmation attached as Exhibit "A."

13. Additionally, Plaintiffs revoked any prior express consent to contact Plaintiffs via cellular telephone or any other form of communication a second time on October 2, 2015 at 2:24 P.M., through a facsimile transmission to Defendant's facsimile no. 866-870-9919. See facsimile confirmation attached as Exhibit "B."

14. In addition to the request not to be contacted by Defendant, Plaintiffs' facsimile transmissions directed Defendant to contact Plaintiffs' attorney and included the name of the law firm representing Plaintiffs and the contact information for the law firm.

15. Plaintiff, BARBARA MAZUROWSKI, is the regular user and carrier of the cellular telephone number ending in -0710 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

16. Plaintiff, MICHAEL MAZUROWSKI, is the regular user and carrier of the cellular telephone number ending -0644 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17. Defendant knowingly or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice from Plaintiffs to cease any and all calls and after Plaintiffs withdrew any prior consent or permission to be contacted.

18. Defendant knowingly or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice that Plaintiffs were represented by an attorney and could readily ascertain the Firm's contact information.

19. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff, BARBARA MAZUROWSKI'S, cellular

telephone on the following dates and times listed on the call logs of Plaintiff, BARBARA MAZUROWSKI, attached as Exhibit "C."

20. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff, MICHAEL MAZUROWSKI'S, cellular telephone on the following dates and times listed on the call logs of Plaintiff, MICHAEL MAZUROWSKI, attached as Exhibit "D."

21. Defendant placed calls to Plaintiffs' cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

22. Defendant left messages on Plaintiffs' cellular telephones that started with a delay in time before the representative joined the line to leave a message.

23. Plaintiffs' attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiffs, and Plaintiffs did not initiate any communications.

24. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

25. None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

26. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

27. Plaintiffs incorporate all allegations in paragraphs 1-26 as if stated fully herein.

28. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

29. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiffs.

30. Specifically, Defendant continued to make numerous telephone calls to Plaintiffs' cellular telephones after being notified to no longer call Plaintiffs through any means.

**WHEREFORE**, Plaintiffs, BARBARA MAZUROWSKI and MICHAEL MAZUROWSKI, demand judgment against Defendant, DITECH FINANCIAL, LLC, formally known as GREEN TREE SERVICING, LLC, for the following relief:

    a. any actual damages sustained by Plaintiffs as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

    e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

31. Plaintiffs incorporate all allegations in paragraphs 1-26 as if stated fully herein.

32. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

33. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiffs after it knew Plaintiffs were represented by counsel and could reasonably ascertain the name and address of counsel.

34. Specifically, Defendant continued to place phone calls to Plaintiffs' cellular telephones despite having actual knowledge that Plaintiffs were represented by an attorney.

**WHEREFORE**, Plaintiffs, BARBARA MAZUROWSKI and MICHAEL MAZUROWSKI, demand judgment against Defendant, DITECH FINANCIAL, LLC, formally known as GREEN TREE SERVICING, LLC, for the following relief:

    a. any actual damages sustained by Plaintiffs as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

    e. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

35. Plaintiffs incorporate all allegations in paragraphs 1-26 as if stated fully herein.

36. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

37. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

38. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

39. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, BARBARA MAZUROWSKI and MICHAEL MAZUROWSKI, demand judgment against Defendant, DITECH FINANCIAL, LLC, formally known as GREEN TREE SERVICING, LLC, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after September 10, 2015;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____  _____
BARBARA MAZUROWSKI                MICHAEL MAZUROWSKI

STATE OF NEVADA

COUNTY OF __Washoe__

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this 29th day of August, 2016, by BARBARA MAZUROWSKI and MICHAEL MAZUROWSKI, who are personally known to me or who produced _Nevada Driver License_ as identification and who did take an oath.



_____
Signature of Notary Public
Print, type/Stamp Name of Notary

JOSEPH J. SCALESE
NOTARY PUBLIC
STATE OF NEVADA
APPT. No. 15-1658-2
MY APPT. EXPIRES JUNE 28, 2019

Date: _September 2, 2016_         **BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiffs**